2023 IL App (1st) 220524

FIRST DISTRICT
FIRST DIVISION
July 31, 2023

No. 1-22-0524

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 C3 30223 |
| | ) | |
| OSWALDO GARCIA, | ) | Honorable |
| | ) | Joseph Michael Cataldo, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COGHLAN delivered the judgment of the court, with opinion.
Justices Pucinski and Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a bench trial, defendant Oswaldo Garcia was convicted of felony driving while his driver's license was revoked (625 ILCS 5/6-303(a) (West 2020)) and was sentenced to 18 months in prison. On appeal, he contends that he was denied his constitutional right to confrontation by the admission of a certified copy of his driving abstract at trial. For the reasons that follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Defendant was arrested on July 7, 2021, in Streamwood, Illinois, and subsequently charged with aggravated driving under the influence of alcohol and felony driving with a revoked license.

¶ 4     Police officer Peter Woolsey testified that at 10:26 a.m. on July 7, 2021, he was dispatched to an address for a "traffic crash." There, he observed a van with its motor running, partially off

the roadway in the front yard of a residence. A disheveled, shirtless man, whom Woolsey identified in court as defendant, was "unconscious" behind the wheel. Woolsey woke defendant and spoke with him. Defendant seemed confused, slurred his words, and thought he was in Schaumburg. Woolsey removed keys from the van's ignition and called for medical assistance.

¶ 5   Fire department paramedics arrived at the scene. Defendant exited the vehicle and became belligerent with emergency medical personnel. Although defendant denied alcohol consumption, Woolsey smelled the odor of alcohol on his breath. Based on defendant's confusion, slurred speech, belligerent conduct, and the odor of alcohol on his breath, it was Woolsey's opinion that defendant was under the influence of alcohol. Defendant refused to perform field sobriety tests.

¶ 6   Police officer Lopez testified that defendant was speaking with fire department and police personnel when he arrived at the scene.[1] Defendant was shirtless and extremely disheveled. Lopez smelled the odor of alcohol coming from defendant's mouth when he spoke to him. Defendant admitted having drunk "one 40-ounce." Based on defendant's "disheveled" appearance and the odor of alcohol on his breath, Lopez believed that defendant "was under the influence of alcohol."

¶ 7   At the police station, defendant was uncooperative, refused to provide general information and hand over his property, and declined a Breathalyzer test. When placed in a holding cell, defendant pushed a blanket and other items into the toilet in an apparent effort to flood the cell. After being moved to a padded cell, defendant obstructed a surveillance camera with an unknown object. Lopez testified that he did not remember seeing "keys that were recovered." When asked whether the van was running when he arrived at the scene, he answered, "No, not that I recall."

---

[1]Officer Lopez's first name does not appear in the record.

¶ 8     Woolsey's squad car dashboard camera and booking videos from the police station were admitted into evidence.

¶ 9     Defendant's certified driving abstract was also admitted into evidence without objection. The driving abstract, which bears the label "COURT PURPOSES," indicates that "revocation was in effect on 07-07-2021" and includes the secretary of state's certification that "the information set out herein is a true and accurate copy of the captioned individual's driving record."

¶ 10    Dominik Pabianczyk, a Streamwood fire department firefighter-paramedic, was called to testify by defendant. From a distance of three or four feet, Pabianczyk performed a "head to toe assessment" of defendant at the scene. Regarding defendant's mental status, Pabianczyk recalled that defendant was alert and oriented as to person, place, time, and event. His pupils were equal and reactive to light. Although his speech was a little slurred, he told Pabianczyk that English was his second language, "so he normally slurs." He was cooperative but declined to go to the hospital.

¶ 11    Pabianczyk "got a little bit of a whiff of something like ETOH [alcohol] once." The scent was slight but noticeable. In his experience, things other than alcoholic beverages can cause an odor of alcohol, including chewing gum and uncontrolled diabetes. Pabianczyk's report states that defendant was unimpaired by alcohol or drugs. Pabianczyk agreed that he could smell the odor of alcohol, even though he was wearing a surgical grade mask at the scene. In response to questions from Pabianczyk, defendant denied being diabetic or having used alcohol.

¶ 12    The trial court found defendant guilty of felony driving while his driver's license was revoked, stating, "He was in control of the vehicle and *** [the] certified abstract indicates that he was revoked and the prior convictions." The trial court noted that defendant was in actual physical control of the van, which was running when Woolsey approached and recovered the keys. The

court further noted that there was "some kind of impairment," but, based on Pabianczyk's testimony, the court found defendant not guilty of aggravated driving under the influence of alcohol.

¶ 13    In his motion for a new trial, defendant argued that the State failed to prove he was in actual and physical control of the vehicle, relying on the inconsistent testimony of Woolsey and Lopez. The State argued that Lopez arrived at the scene after Woolsey and, although he did not see the "keys that were recovered," he never testified that no keys were recovered. The trial court denied defendant's motion for a new trial and sentenced him to 18 months in the Illinois Department of Corrections.

¶ 14    On appeal, defendant contends that he was denied his constitutional right to confrontation, where a certified copy of his driving abstract was admitted into evidence at trial. Defendant argues he had no opportunity to cross-examine "the person who wrote or generated the document."

¶ 15                                  II. ANALYSIS

¶ 16    At the outset, we note that defendant failed to object to the admission of the driving abstract at trial or raise the issue in a posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (a defendant must object at trial and raise the issue in a posttrial motion to preserve the issue for review). In order to avoid this forfeiture, defendant seeks review under the second prong of the plain error doctrine and argues that trial counsel's failure to preserve this issue amounted to ineffective assistance of counsel.

¶ 17    The plain error doctrine allows a reviewing court to consider an unpreserved error when a clear or obvious error occurred and (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the

error, or (2) that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Sebby*, 2017 IL 119445, ¶ 48. To prevail on a claim of ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was objectively unreasonable under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

¶ 18    Under the plain error doctrine, the initial analytical step is to determine whether a clear or obvious error occurred. *Sebby*, 2017 IL 119445, ¶ 49. Similarly, to succeed on a claim of ineffective assistance of counsel, a defendant must show the existence of errors that were so "serious" that counsel cannot be said to have been "functioning" as counsel, which prejudiced defendant. *Strickland*, 466 U.S. at 687. Under either theory, we must first determine whether a clear error occurred. *People v. Cox*, 2017 IL App (1st) 151536, ¶¶ 52-53.

¶ 19    Whether defendant's right to confrontation was violated by the admission of an out-of-court statement is a question of law subject to *de novo* review. See *People v. Schwandt*, 2022 IL App (4th) 200583, ¶ 11 (citing *People v. Williams*, 238 Ill. 2d 125, 141 (2010)). A defendant is guaranteed the right to confront the witnesses against him by the sixth amendment of the United States Constitution and article I, section 8 of the Illinois Constitution. See U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. The right to confrontation protects defendants from testimonial hearsay. See *Schwandt*, 2022 IL App (4th) 200583, ¶ 11 (citing *Davis v. Washington*, 547 U.S. 813, 823-26 (2006); *People v. Leach*, 2012 IL 111534, ¶ 66).

¶ 20    The threshold question in confrontation-clause analysis requires a reviewing court to determine whether a statement is testimonial in nature. *People v. Hood*, 2016 IL 118581, ¶ 23. If a statement is not testimonial in nature, the confrontation clause does not apply and the statement's admissibility is determined by applying evidentiary hearsay rules and exceptions to those rules. *Davis*, 547 U.S. at 821. In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009), the Supreme Court explained that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial."

¶ 21    We find that the admission of defendant's certified driving abstract did not violate his right to confrontation because the abstract was not testimonial in nature. In addition, the abstract was properly admitted under the public records exception to the hearsay rule (Ill. R. Evid. 803(8) (eff. Sept. 28, 2018)) because it contained information that the secretary of state was required by law to report.

¶ 22    In *Schwandt*, 2022 IL App (4th) 200583, ¶ 3, the defendant was charged with driving while her license was suspended. A certified copy of the defendant's driving abstract was introduced into evidence at trial. *Id.* ¶ 4. The defendant did not object to admission of the abstract or its publication to the jury, which found defendant guilty of driving while her license was suspended. *Id.* ¶¶ 4, 6.

¶ 23    On appeal, defendant contended that her sixth amendment right to confrontation was violated when the State relied on the certified copy of her driving abstract to prove her guilt. *Id.* ¶ 9. Admitting that she did not raise the issue at trial or in a posttrial motion, she sought review

under the plain error doctrine. *Id.* Defendant also argued her trial counsel was ineffective for failing to object to the admission of the certified driving abstract. *Id.* ¶ 17.

¶ 24 The *Schwandt* court noted that the secretary of state's certification on the abstract stated, in part, " 'the information set out herein is a true and accurate copy of the captioned individual's driving record.' " *Id.* ¶ 15. The certification does not contain "the secretary of state's personal knowledge of a fact necessary for the defendant's conviction, *i.e.*, that her driver's license had been suspended." *Id.* Rather, the certification attests to the secretary of state's knowledge as to what was contained in the defendant's driving record. *Id.* Since "[t]he information included in the body of the abstract was collected prior to defendant's traffic stop and not in anticipation of trial," "[t]he driving abstract was not created for the purpose of establishing a fact at trial and, therefore, was not testimonial." *Id.* The court also found that the label " 'COURT PURPOSES' " on the abstract "*[a]t most \*\*\** indicates when and why the certified driving abstract was copied. It does not indicate the abstract itself was created for the purposes of defendant's trial." (Emphasis added.) *Id.*

¶ 25 The court also found that the certified driving abstract was admissible under the public records exception to the hearsay rule (Ill. R. Evid. 803(8) (eff. Sept. 28, 2018)), as it contained information the secretary of state was, by law, required to report. *Schwandt*, 2022 IL App (4th) 200583, ¶ 16 (citing *Leach*, 2012 IL 111534, ¶¶ 130, 137). As defendant's constitutional right to confrontation was not violated by the admission of her certified driving abstract, the court found that no error had occurred and rejected defendant's claims of plain error and ineffective assistance of counsel. *Id.* ¶¶ 16, 19.

¶ 26    Similarly, the certified copy of defendant's driving abstract at issue in this case stated that "the information set out herein is a true and accurate copy of the captioned individual's driving record," and did not set forth the secretary of state's personal knowledge of a fact necessary for defendant's conviction, *i.e.*, that defendant's driver's license had been revoked. Rather, the certification attested to "the secretary of state's knowledge as to what was contained in defendant's driving record" and was "collected prior to defendant's traffic stop and not in anticipation of trial." See *id.* ¶ 15. Based on *Schwandt*, we find that defendant's certified driving abstract was not created for the purpose of establishing a fact at trial and was not testimonial. See also *Melendez-Diaz*, 557 U.S. at 324 (business records are not testimonial because they are generally created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial). The label " 'COURT PURPOSES' " on the abstract indicates when and why the certified driving abstract was copied but does not indicate the abstract itself was created for the purposes of defendant's trial. See *Schwandt*, 2022 IL App (4th) 200583, ¶ 15.

¶ 27    Rule 803(8) provides that " '[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth *** matters observed pursuant to duty imposed by law as to which matters there was a duty to report' " are generally admissible as evidence. *Id.* ¶ 12 (quoting Ill. R. Evid. 803(8) (eff. Sept. 28, 2018)). The Illinois Vehicle Code (Code) requires the secretary of state to "maintain appropriate records of all licenses and permits refused, cancelled, disqualified, revoked, or suspended." 625 ILCS 5/6-117(b) (West 2020). The Code further provides:

"Any certified abstract issued by the Secretary of State *** to a court *** for the record of a named person as to the status of the person's driver's license shall be prima facie evidence

of the facts therein *** and shall be admissible for any prosecution under this Code and be admitted as proof of any prior conviction or proof of records, notices, or orders recorded on individual driving records maintained by the Secretary of State." *Id.* § 2-123(g)(6).

¶ 28 In *People v. Diggins*, 2016 IL App (1st) 142088, ¶¶ 16-18, this court found a violation of the confrontation clause occurred where the State introduced a "certified letter" from the Illinois State Police to prove that the defendant did not possess a Firearm Owners Identification (FOID) card. The "certified letter" indicated that the officer had conducted " 'a careful search of the FOID files' " and determined that (1) prior to his arrest, the defendant submitted a FOID card application, which was denied, and (2) as of a specific date after the defendant's arrest but before his trial, " 'this office has no other record' " for him. *Id.* ¶ 6. This court reversed the defendant's conviction, concluding that the "certified letter" constituted an affidavit that was issued "presumably in preparation of trial" and, as such, was a testimonial statement. *Id.* ¶ 16.

¶ 29 Unlike the certified letter in *Diggins*, the driving abstract certification at issue in this case did not set forth anyone's personal knowledge of a fact necessary for defendant's conviction. The certificate simply certified that the abstract was a true and accurate reflection of defendant's driving record. In addition, unlike in *Diggins*, the information in defendant's driving abstract was collected prior to defendant's arrest, not in anticipation of his prosecution. We find that the certified driving abstract admitted in the instant case was not a testimonial statement and was properly admitted under the public records exception to the hearsay rule.

¶ 30 Defendant's constitutional right to confrontation was not violated by the admission of his certified driving abstract. Where admission of the abstract was not error, there can be no plain error. For the same reasons, defendant is unable to establish that trial counsel was ineffective.

¶ 31                               III. CONCLUSION

¶ 32    For all of the reasons set forth herein, we affirm the judgment of the circuit court.

¶ 33    Affirmed.

---

***People v. Garcia*, 2023 IL App (1st) 220524**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-C3-30223; the Hon. Joseph Michael Cataldo, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Elizabeth Cook, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham and David Greenspan, Assistant State's Attorneys, of counsel, and Joshua Martin, law school graduate), for the People. |

---